UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAWAY PAINTING COMPANY, INC.,
a Michigan Corporation, a.k.a. SEAWAY
PAINTING L.L.C., a Michigan Limited
Liability Company,

        Plaintiff,                      Case No. 12-CV-15496
v.                                               Honorable Denise Page Hood

BURLINGTON INSURANCE GROUP,
INC., a.k.a. THE BURLINGTON
INSURANCE COMPANY, a North
Carolina Corporation,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff Seaway Painting Company, Inc.'s Motion to Remand Pursuant to 28 U.S.C. § 1447(c), filed February 22, 2013. Plaintiff asks that the Court remand this case back to the Wayne County Circuit Court because the amount in controversy required for diversity jurisdiction is not satisfied. Defendants argue the face of the complaint demonstrates that the amount in controversy is more than satisfied.[1] For the reasons stated in more detail below, Plaintiff's Motion for Remand is DENIED.

Generally, a defendant may remove an action that was brought in state court to federal court if the district court would otherwise have jurisdiction. 28 U.S.C. § 1441(a). The district court has original diversity jurisdiction over disputes between citizens of different states that involve an

---

[1] In their response, Defendants criticize Plaintiffs for using a "canned brief." However, compare the second paragraph of Defendants' response to the Sixth Circuit's opinion in *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2008), specifically Headnote 3, not cited by Defendants.

amount in controversy that "exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). The removing party bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy is satisfied. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The Court will determine whether the amount in controversy is established from the allegations in the complaint and notice of removal. *Thompson v. Donald Lee Fritsch & Schneider Speciality,* 966 F.Supp. 543, 545 (E.D. Mich. 1997). The removing party "must set forth specific facts which form the basis of its belief that there is more than [$75,000] at issue in the case." *Id.* However, the removing party does not have "the daunting [task] of proving to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Gafford*, 997 F.2d at 159.

In an action seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation.*" Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). Any doubts as to whether removal was appropriate should be resolved in favor of remanding the case back to the state court. *Crump v. WorldCom, Inc*., 128 F. Supp. 2d 549, 552 (W.D. Tenn. 2001).

In its complaint for declaratory relief, Plaintiff seeks damages in excess of $25,000 for Defendants' failure to defend and indemnify Plaintiff in a pending wrongful death action, in which a young man fell to his death while working under the Ambassador Bridge. In the wrongful death action, the young man was 25 years old and was survived by at least one child and parents. In this action, Plaintiff alleges that at least one company has filed a cross-claim against it for indemnification in the wrongful death action. Plaintiff further alleges that it anticipates that another

company will file a cross-claim against it for indemnification.  Plaintiff asks the Court to require that Defendants reimburse Plaintiff for all costs, expenses, and fees associated with defense of the wrongful death action, assume Plaintiff's defense in the wrongful death action, and indemnify Plaintiff.  In the Court's view, the cost of defense of three actions alone is sufficient to satisfy the amount in controversy requirement.

Defendants provide jury verdicts for several similar wrongful death actions; all of which ended in a settlement or verdict in excess of $75,000.  Plaintiff does not dispute this information.  The cost of indemnification alone for three separate suits also appears to be sufficient to satisfy the amount in controversy requirement.  It would go without saying that the cost of the defense *and* indemnification of three separate actions would reasonably cost upwards of $75,000.  Plaintiff also seeks exemplary damages for Defendants' alleged bad faith in refusing to defend the wrongful death action. Considering the above, the Court finds that the amount in controversy requirement is more than satisfied.  Remand is not appropriate under these facts.  The Court will not remand this matter back to Wayne County Circuit Court.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand to Wayne County Circuit Court under 28 U.S.C. § 1447(c), filed February 22, 2013] is DENIED.

Dated:  July 23, 2013              S/Denise Page Hood
                                   Denise Page Hood
                                   United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2013, by electronic and/or ordinary mail.

                                   S/LaShawn R. Saulsberry
                                   Case Manager

3