UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAWAY PAINTING CO., INC.,

    Plaintiff,                                   Case No. 12-15496

v.                                           HONORABLE DENISE PAGE HOOD

THE BURLINGTON INSURANCE GROUP,
INC.,

    Defendants.
_____/

## AMENDED ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION

### I.    BACKGROUND

This matter is before the Court on Defendant The Burlington Insurance Group, Inc.'s Motion for Summary Judgment. Plaintiff Seaway Painting Co., Inc. filed a response opposing the motion. Defendants filed a reply and amended reply to the response. A hearing was held on the matter.

Plaintiff was contracted by Detroit International Bridge Company (hereinafter "DIBC") and Walter Toebe Construction (hereinafter "Toebe") to perform sandblasting and paint work on the Ambassador Bridge. As a part of the contract, Plaintiff was required to obtain a general liability insurance policy for itself, DIBC, and Toebe. Plaintiff obtained a policy from Defendant.

On January 11, 2012, Plaintiff's employee, Kent Morton, died while working underneath the bridge. Morton's personal representatives filed a wrongful death action before the state court, captioned *Kimberly Docherty and Kristi Waltsgott, as Co-Personal representatives of the Estate of Kent Morton v. DIBC and Seaway, et al.*, Wayne County Circuit Court, Case No. 12-004317-NO.

Plaintiff seeks insurance coverage from Defendant for the wrongful death action pursuant to the commercial general liability policy issued by Defendant effective from September 1, 2011 through September 1, 2012. Defendant denied all claims to defend and indemnify submitted by Plaintiff, Toebe, and DIBC related to the underlying wrongful death action. Plaintiff, Toebe, and DIBC filed lawsuits against Defendant for improper denial of coverage. Defendant removed Plaintiff's case to this Court. The remaining two suits have been consolidated with the wrongful death case, and are currently pending in Wayne County Circuit Court.

The Burlington Policy contains Endorsement, GSG-G-017 05/09 (the "Cross-Liability Exclusion"), which states:

> This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:
> . . .
> A present, former, future or prospective partner, officer, director, stockholder *or employee of any insured*.

Def.'s Mot. for Summ. J., Ex. A-3, Burlington Policy HGL0028597 (hereinafter "The Policy"), GSG-G-017 05/09.

**II. ANALYSIS**

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted).

Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

In its Motion for Summary Judgment, Defendant argues that it has no obligation to defend or indemnify Plaintiff or any of its affiliates or any other party, in the underlying civil lawsuit. Policy No. HGL0028597 does not provide any coverage to any putative insured with respect to the accident involving Plaintiff's employee, Mr. Morton. The policy expressly and unambiguously excludes coverage for bodily injury to an employee of "any insured."

Michigan law requires that the policy be enforced when the policy language is clear and unambiguous. *See Upjohn Co. v. New Hampshire Ins. Co.,* 438 Mich. 197, 476 N.W.2d 392 (1991). Plaintiff relied on its own broker Zervos Group, Inc. (hereinafter "Zervos"), to negotiate the policy's terms with a wholesale broker CRC Insurance Services, Inc. Zervos apparently did not negotiate broader coverage for Plaintiff. Defendant asserts it had no direct communications with Plaintiff regarding the policy.

In its Response to Defendant's Motion, Plaintiff argues that Defendant should not be granted summary judgment since Defendant seeks a declaration that prohibits recovery by Toebe and DIBC, even though they are not named parties in this case. Also, the policy contains a "Separation of Insureds" clause that states "this insurance applies… [a]s if each Named Insured were the only Named Insured" and "[s]eparately to each insured against whom claim is made or 'suit' is brought." (Policy at p. 12116)

Plaintiff also argues that Defendant's interpretation of the policy is illusory, because based on Defendant's interpretation, Plaintiff would have been paying a premium of $41,889.70 for no coverage. Plaintiff also requests that a ruling on the Motion should be held in abeyance while the parties in the wrongful death, Toebe, and the DIBC cases, engage in facilitation.

In its Amended Reply in support of the Motion, Defendant argues that the policy is not illusory. There are many other claims that would potentially be covered. For example, the endorsement would not bar coverage for injuries to workers hired by other contractors on the project. The absence of DIBC and Toebe does not impact the interpretation of the policy as barring coverage for claims involving bodily injury to an employee of "any insured." Lastly, the Michigan Court of Appeals held that a separation-of-insureds clause does not render the phrase "any insured" ambiguous. *See, e.g., Gorzen v. Westfield Ins. Co.*, 207 Mich. App. 575, 526 N.W.2d 43 (1994).

Since DIBC and Toebe are not "named insureds," the separation of insureds clause is irrelevant to this analysis.

Defendant's Motion for Summary Judgment is granted in this case as it relates to Plaintiff. Plaintiff's argument that the policy is illusory fails, because the policy provides actual coverage for incidents that involve coverage for liability to outside parties. The language of the policy is clear and unambiguous in that Defendant does not provide coverage for personal injury claims related to Plaintiff's employees. There is no reason to read ambiguity into an unambiguous clause.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment (**Doc. No. 26**) is **GRANTED**.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 1, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 1, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager